UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DEANGELO WADE,**<br><br>Defendant. | Case No. 24-cr-00150-3 (LLA) |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

  Mr. Wade is charged with a firearm offense because he and his associates brought more than a dozen guns with them when they went to a club on a Thursday night in D.C. Mr. Wade's carrying of this firearm was dangerous and reckless, and the arsenal of weapons and drugs that he and his associates brought with them reflects a chilling purpose. Further, messages on his phone, where he appears to be dealing illegal fentanyl pills, indicate that this conduct was not an aberration. Mr. Wade committed this offense after having four separate times failed to successfully complete court-ordered supervision. While his prior convictions are not the most serious, they reflect a stubborn failure by Mr. Wade to comply with court orders, indicating he is unlikely to do so here. For all of the foregoing reasons, the Government requests that the Court detain Mr. Wade pending trial.

**BACKGROUND**

  Law enforcement has been monitoring the Instagram accounts of a group of men who frequent the Woodland Terrace area of Washington, D.C. These men frequently display what appear to be firearms and drugs on their public Instagram feeds and in videos posted to YouTube. Mr. Wade is one of these men.

*<u>Possession of Glock 23 Handgun on October 19 and 20, 2023</u>*

By monitoring their Instagram feeds, law enforcement determined that these men would be together at Posh Lounge, at 1924 9th Street NW, Washington D.C., on October 19, 2023, celebrating the birthday of Travis Foster. Officers monitored posts by these men, including Wade, across various Instagram accounts on October 19, 2023.[1] As officers monitored social media, they observed a large group of men traveling together, posting and sharing their activities prior to going to Posh Lounge. This included hanging out together in an apartment and going to dinner at Charlie Palmer steakhouse.

Oftentimes when individuals who carry firearms go to places like clubs, they leave their firearms in nearby vehicles as most clubs require patrons to be screened for weapons. Therefore, law enforcement responded to the area around Posh Lounge.

While outside Posh Lounge, officers observed the same group of men, including Wade, entering the club through security. Law enforcement approached D.C. traffic officers nearby and asked if they knew from where these men had come. One traffic officer directed MPD to the 2100 block of 8th Street NW. There, MPD found a parking garage with multiple parked vehicles. Officers approached the vehicles to determine if they had reason to search any of them.

An officer looked into the black Audi Q7 with Georgia registration and observed on the edge of the driver's seat, a clear plastic bag containing numerous small blue pills. Based on the size, shape, and packaging, officers recognized these to be illegal hand-pressed suspected fentanyl pills which are now common in D.C.

---

[1] Based on their review of multiple posts, Wade uses the Instagram handle "no_sympathy__."

2

*Figures 1 and 2*



Based on this observation, MPD searched the vehicle. Inside the vehicle, officers recovered 842 suspected fentanyl pills, and three firearms in the glove box.

*Figure 3*



Officers later determined that the vehicle was fraudulently rented using a stolen ID.

Officers also noticed a black Chrysler 300 in the garage with heavily tinted windows and a Florida registration. Officers checked the license plate of the vehicle and learned that this vehicle had been involved in an assault with a dangerous weapon offense on September 20, 2023. There, an unidentified suspect had threated to shoot a woman who was dropping of her child at school and displayed a handgun. During the altercation, the suspect indicated that the vehicle did not belong to him, and the victim photographed the vehicle and tag. An MPD K-9 unit responded to the scene, and a K-9 officer gave a trained indication for the presence of firearms or ammunition in the Chrysler.

Officers opened the vehicle to conduct a search. Under the driver's floor mat, officers located a loaded Glock handgun.

*Figure 4*



Inside the trunk, inside a black High Sierra backpack, officers located five additional firearms, specifically, two Romarm/Cugir Micro Draco AR-style pistols, a Glock 23 with suspected machine gun conversion device, a Glock 32 with suspected machine gun conversion device, and a Glock 27 with suspected machine gun conversion device. Each of these firearms was loaded. Inside the same backpack where the firearms were recovered, officers found CVS prescription paperwork in the name "Travis Foster," including a correct partial date of birth, address, and telephone number.

*Figure 5*



In the same compartment as the prescription paperwork, officers recovered a plastic bag of 5.56 caliber rifle ammunition.

*Figure 6*



*<u>"Mission" Music Video Confirms Wade's Presence</u>*

Following this offense, law enforcement observed that the suspects, specifically Marquell Jones, had posted a music video reflecting the events of that evening. The footage in the music video included high-quality images from both Charlie Palmer Steak, and inside Posh Lounge October 19, 2023. Deangelo Wade, wearing a distinctive hat, was pictured in these images:



Law enforcement compared these images to from the Instagram handle "no_sympathy___." In reviewing that account, law enforcement noticed that multiple of the suspects tagged and interacted with this account, referring to the account's user as "Dlo," a common nickname for Deangelo.

Law enforcement conducted various queries of the MPD report management system, Mark43, for individuals associated with reports with Woodland Terrace neighborhood addresses and the first name Deangelo, between 25 and 35 years of age and identified DeAngelo Wade,



Law enforcement also learned from Mark43 inquiries that, at least during a portion of 2023, DeAngelo Wade was living at 2726 Langston Place SE, an apartment building across the street from Woodland Terrace. On November 17, 2023, law enforcement responded to the Woodland Terrace area and observed that the Chrysler from which firearms and narcotics were recovered was parked across the street from Woodland Terrace, near 2412 Ainger Place SE, Washington, D.C. 20020.

### *Subsequent DNA Testing*

Forensic scientists took swabs of all recovered firearms for potential DNA. Additionally, in January 2024, law enforcement obtained warrants for the phone and DNA of Mr. Wade, among other suspects. Forensic examiners at the FBI's Quantico Laboratory developed DNA profiles from the swabs recovered from the firearms and Mr. Wade. With respect to the Glock 23 firearm recovered from the Chrysler, the DNA results were 8.7 trillion times more likely if Mr. Wade and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

Based on this evidence, in June 2025, Mr. Wade was indicted by a grand jury for violating D.C. Code Title 22, Section 4504 (Carrying a Pistol Without a License), and a warrant was issued

for his arrest. On August 11, 2025, Mr. Wade was arrested while attempting to board a flight at BWI.

*__Defendant Wade's Phone__*

Mr. Wade's phone was seized and search pursuant to a warrant. His phone reflects multiple messages where he appears to be engaged in the sale of drugs, specifically hand-pressed fentanyl pills (similar to those reflected in *Figures 1 and 2*), which are commonly referred to as "jammers."



*__Defendant Wade's Criminal History__*

Mr. Wade has four adult convictions.

In July 2012, Mr. Wade was convicted of two different instances Unlawful Entry and sentenced under the Youth Act. He failed to complete probation successfully and his probation was revoked. In July 2012 and February 2013, Mr. Wade was convicted of possession of marijuana and cocaine. He once again failed to successfully complete probation. In February 2013, Mr. Wade was convicted of Contempt for violating a release condition. Once again, he failed to successfully complete probation.

## ARGUMENT

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community," the Court shall order a defendant held pending trial. 18 U.S.C. § 3142(e). In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

**I.   The Nature and Circumstances of these Offenses Merit Detention.**

The first factor to be considered, the nature and circumstances of the offenses charged, weighs in favor of detention. Mr. Wade is charged with a felony offense carrying a maximum sentence of five years' imprisonment. He is so charged, because he carried an illegal firearm: a Glock 23. He did so while traveling the city with a group of men similarly armed, some of whom were apparently carrying narcotics. Despite the veritable arsenal of firearms these men carried, they were not at war. They were going out to spend a night celebrating: eating, drinking, and

10

dancing. That Mr. Wade and his confederates thought it was appropriate or reasonable to bring this many loaded firearms, including multiple machine guns, is shocking.

These firearms are not innocent tools of self-defense. They are loaded and deadly weapons. Notably, in Instagram messages discussing the loss of their firearms, one of Mr. Wade's associates indicated that he needed to replace the firearms because he was involved in "beefing," or engaging in back-and-forth violence with other crews. Through their choices, Mr. Wade and his associates transformed a parking lot into a dangerous and deadly area.

While the defendant is charged with a possessory offense, this Court has warned against discounting the inherent danger associated with loaded firearms. *See United States v. Blackson*, No. 23-CR-25 (BAH), 2023 WL 1778194, at *7-8 (D.D.C. Feb. 6, 2023), *aff'd,* No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023) (the absence of evidence of "use" "does little to detract from" the danger posed by a firearm "loaded with 19 rounds of ammunition in an extended magazine, . . . more ammunition than the gun was originally manufactured to carry, thereby increasing its potential to do greater harm" and placement "at the ready, on his person, and easily within reach"). Mr. Wade kept this gun loaded with eleven rounds, including one in the chamber. *See United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020), *aff'd* (Nov. 5, 2020) (finding that a defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling.")

As such, the nature and circumstances of this offense weighs heavily in favor of detention.

II.  **The Weight of the Evidence Against the Defendant is Strong.**

The second factor to be considered, the weight of the evidence, also weighs in favor of

11

detention. The Government's case against Mr. Wade is quite strong.[2]

Video evidence demonstrates that Mr. Wade was present with a group of men traveling together from location to location, including to the parking garage where these firearms were found. Further, DNA evidence connects Mr. Wade to a specific firearm recovered in one of those vehicles. Additional circumstantial evidence, such as the observation of the Chrysler near an address associated with Mr. Wade, further ties him to that vehicle and thus the recovered firearm.

"[I]f the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Blackson*, 2023 WL 1778194, at *10. This is such a case, and Mr. Wade should be detained pretrial.

### III. The Defendant's History and Characteristics Merit Detention.

The third factor, Mr. Wade's history and characteristics, neither favors release nor detention. Mr. Wade's criminal history is somewhat dated and does not involve any felonies. Further, he appears to maintain stable employment.

But while Mr. Wade's criminal convictions are for misdemeanors offenses, it is telling that

---

[2] While some judges in this Court have indicated that this factor should be given less weight, in *United States v. Blackson*, following a thorough review of the text of § 3142 and decisions analyzing this factor, then Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." 2023 WL 1778194, at *8. Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149-150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang;* this factor should be given no less weight than any other factor.

Mr. Wade has never successfully completed probation. He has been placed on court supervision four separate times and has never successfully complied with the conditions of his supervision. Indeed, on one occasion, his failure to comply with the terms of his supervision resulted in contempt charges.

For these reasons, Mr. Wade's history and characteristics is in equipoise with respect to this determination.

### IV. Mr. Wade Presents a Danger to Our Community.

The fourth and final factor, danger to any person or the community posed by Mr. Wade release, weighs in favor of detention.

"At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with an extended capacity magazine, carried in a position of easy, quick access poses a significant danger to other persons and the community." *Blackson*, 2023 U.S. Dist. LEXIS 18988, at *33. Mr. Wade's possession of this firearm alone presented a significant danger to our community. *See United States v. Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public."). But the circumstances of this firearm possession are particularly chilling. Mr. Wade and his associates were driving around D.C.—ostensibly to celebrate a happy event—all the while armed to the teeth. For an evening, they made our city significantly less safe for no conceivable reason. While Mr. Wade's criminal history is not as significant as other defendants, including his co-defendants, he has demonstrated an unwillingness to abide by court-ordered supervision.

### CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court detain

Mr. Wade pending trial in this case.

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

By:      */s/ Cameron A. Tepfer*
                                        Cameron A. Tepfer
                                        N.Y. Attorney No. 5248208
                                        Assistant United States Attorney
                                        601 D Street NW
                                        Washington, D.C. 20530
                                        202-258-3515
                                        Cameron.Tepfer@usdoj.gov